IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **No. 2:12-cr-00367-RBS** |
| V. | : | |
| | : | |
| DOROTHY JUNE BROWN | : | |
| JOAN WOODS CHALKER | : | |
| MICAHEL A. SLADE, Jr. | : | |
| COURTNEY L. KNIGHT | : | |
| ANTHONY SMOOT | : | |
| | : | |
| **Defendant** | : | |
| | : | |

### K12 INC.'S OPPOSITION TO DEFENDANT DOROTHY JUNE BROWN'S MOTION TO COMPEL K12 INC. TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA REQUESTS NOS. 1 AND 4

K12 Inc. respectfully files this Opposition to the Motion of Defendant Dorothy June Brown for an Order Compelling K12 Inc. to Produce Documents in Response to Subpoena Requests Nos. 1 and 4 for Court Review.

## I.      INTRODUCTION

On October 3, 2013, Defendant Dorothy June Brown ("Brown") served a wide-ranging subpoena ("the Brown Subpoena") for documents upon K12, Inc. ("K12"), a non-party to this action. The Brown Subpoena contains 21 detailed requests for documents. See Ex. A, Subpoena to Custodian of Records, K12 Inc. The net cast by Brown was wide, requesting documents spanning an eight-year period concerning K12's business and operations, its enrollment and recruitment procedures, Board of Trustees meeting minutes, and financial records, among other categories of documents and materials. To date, K12 has made every reasonable effort to comply with the Brown Subpoena. The results of K12's efforts have been two voluminous productions, consisting of over 2000 pages of materials. Several of the requests call for

documents that are publicly available, and K12 has gone as far as to provide Brown detailed

instructions on where to access the documents.  Out of 21 requests, K12 has objected to only two

requests, specifically, requests that call for materials protected by the attorney-client privilege.[1]

These requests are described below:

> Request No. 1 demands that K12:
>
> Produce any and all documents relating to communications
> between you and any attorney at Ballard Spahr L.L.P. concerning
> Agora, Cynwyd, Dr. Brown and/or the Agora Litigations
> including, but not limited to, all documents and communications
> relating to the Settlement Agreement.[2]
>
> Request No. 4 demands that K12:
>
> Produce any and all documents relating to any communications
> between you and any attorney at Vaira & Riley, P.C. concerning
> Agora, Cynwyd, Dr. Brown and/or the Agora Litigations
> including, but not limited to, Jack L. Gruenstein, John E. Riley and
> Kathleen M. Nagle.[3]

Brown now seeks an order from this Court seeking to pierce K12's attorney-client

privilege and compelling K12 to produce its privileged records and communications.  In support

of her Motion, Brown broadly asserts that K12's privilege must yield to her discovery requests,

and offers potential theories as to the possible relevance of K12's litigation records and attorney-

client communications.  However, Rule 17(c) of the Federal Rules of Criminal Procedure may

not be used to obtain K12's privileged materials in this matter.  There is no authority or reasoning

---

[1]    While the Exhibits to Brown's Motion to Compel indicate that K12 also objected to
Requests 15 and 16, counsel for Brown and K12 reached agreement on the parameters of
those Requests, and K12 has provided responsive information accordingly.

[2]    Ballard Spahr LLP represented K12, a named defendant in the Agora Litigation.  The
Agora Litigation is defined in the Brown Subpoena.  See Ex. A.

[3]    Mssrs. Gruenstein and Riley and Ms. Nagle represented the Pennsylvania Department of
Education, a named defendant in the Agora Litigation.

that even remotely justifies piercing K12's privilege with it attorneys.  Accordingly, K12

respectfully requests that this Court deny Brown's motion to compel.[4]

## II.      ARGUMENT

### A.      Materials Protected by the Attorney-Client Privilege Are Not Subject to Disclosure under Rule 17(c).

Because Paragraphs 1 and 4 of the subpoena squarely call for privileged materials, the

Brown Subpoena should be quashed, as to those requests.  "A subpoena duces tecum should be

quashed or modified if it calls for privileged matter."  Wright & Miller, Federal Practice and

Procedure, § 276 (2013).  See also United States v. McGrady, 508 F.2d 13, 18 (8th Cir. 1974);

Cont'l Oil Co. v. United States, 330 F.2d 347, 350 (9th Cir. 1964) (ordering quashal of

subpoenas on basis of attorney-client privilege); United States v. Tomison, 969 F. Supp. 587,

597-98 (E.D. Cal. 1997) (quashing requests in a Rule 17(c) subpoena directed to a non-party that

called for the production of attorney-client privileged material); United States v. Treacy, No. 08-

366, 2009 WL 812033, at *3 (S.D.N.Y. March 24, 2009) (ordering quashing of a 17(c) subpoena

directed to a non-party based on attorney-client privilege); U.S. v. Hoeffner, 254 F.R.D. 302, 307

(S.D. Tex. 2008) (holding that a non-party's compliance with a 17(c) subpoena would be

unreasonable and oppressive as it called for the disclosure of privileged and protected matter).

---

[4]      Brown offers the following speculation as to why K12's attorney–client communications may be relevant:

> The government has already represented that it intends to call a witness at trial "who will say, of course, we settled the case based on a real contract."  [citations]  But other factors *may have* played a role in K12's decision-making process.  For example, *K12 may have* wanted to settle the case – and force Cynwyd to sever its ties with Agora – so that K12 could manage Agora without oversight from Cynwyd, regardless of the "realness" or "fakeness" of the Cynwyd-Agora contract.

(Mot. at 3-4) (emphasis added).

Indeed, it is a tenet of the attorney-client relationship that "when the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure." In re. Grand Jury Subpoena: Under Seal, 415 F.3d 333, 338 (4th Cir. 2005).  Moreover, materials protected by the common interest doctrine are protected to the same extent and degree as materials protected by the attorney-client privilege.  United States v. Gonzalez, 669 F.3d 974, 978 (9th Cir. 2012).

Brown does not dispute that Requests Nos. 1 and 4 seek privileged materials.  Even if, as noted by Brown, it is an open question, undecided by the Supreme Court, whether an assertion of privilege may be overcome in "exceptional circumstances," Brown has made no effort whatsoever to define "exceptional circumstances," much less to demonstrate that her circumstances are "exceptional" in any respect.  Indeed, she has essentially conceded that her need is far from "exceptional" and is, in fact, purely speculative.  K12 is not a party in this matter, and has cooperated with Brown's document requests, expending significant time and costs to review, prepare and produce responsive documents.  But as the cases make clear, K12, as a non-party, must draw the line where the information sought directly seeks documents protected by the attorney-client privilege.  Brown is not entitled to K12's privileged litigation files, even if she were able to articulate some relevant, evidentiary use for them, which she is not.

## B.    *In Camera* Inspection Is Not Necessary

Brown has identified no reason for this Court to compel K12's production of its privileged litigation files to it for *in camera* inspection.  Brown does not contest that the requested materials are subject to the attorney-client privilege, therefore there is no legal issue for the Court to resolve.  K12 has employed its best efforts to comply with Brown's request for documents in a timely and helpful manner.  As part of its 21 requests to K12, Brown seeks K12's litigation files only for its potential use to challenge potential witnesses' credibility.

Impeachment material is not evidentiary and not subject to compelled disclosure under Rule 17(c).  Accordingly, an Order compelling *in camera* inspection of K12's litigation files would be a fruitless and futile endeavor, serving only to burden K12 and this Court with conducting inappropriate and distracting third-party discovery in violation of the Federal Rules of Criminal procedure on Brown's behalf.

## III.   CONCLUSION

For the foregoing reasons, K12 respectfully requests that this Court enter an Order denying Defendant Dorothy June Brown's Motion to Compel K12, Inc. to Produce Documents in Response to Subpoena Requests Nos. 1 and 4.

Respectfully Submitted,

Date:  November 6, 2013                      /s/ Henry E. Hockeimer, Jr.
                                             Henry E. Hockeimer, Jr. (I.D. No. 86768)
                                             hockeimerh@ballardspahr.com
                                             Ballard Spahr LLP
                                             1735 Market Street, 51st Floor
                                             Philadelphia, PA 19103
                                             (215) 665-8500
                                             *Counsel for K12 Inc.*