IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Case No. 2:12-cr-00367-RBS |
| DOROTHY JUNE BROWN, et al. | |

**DEFENDANT DOROTHY JUNE BROWN'S REPLY IN SUPPORT OF
MOTION TO COMPEL K12, INC. TO PRODUCE DOCUMENTS IN RESPONSE TO
SUBPOENA REQUEST NOS. 1 AND 4 FOR COURT REVIEW**

K12, Inc.'s ("K12") opposition to Defendant Dorothy June Brown's ("Dr. Brown") Motion to Compel does not engage in the appropriate analysis for subpoenas issued pursuant to Federal Rule of Criminal Procedure 17 and relies on inapposite case law. K12 could have moved to quash the subpoena, but has not done so. Instead, K12 simply refuses to produce documents on the basis of privilege. This is not the proper process for responding to subpoenas. *See* Fed. R. Crim. P. 17(c)(2). K12's stalling tactics could result in the government delaying its presentation of witnesses. The Court should grant Dr. Brown's Motion and order K12 to immediately produce documents responsive to Subpoena Request Nos. 1 and 4.

A criminal defendant has the right to subpoena documents from non-parties if the defendant can show (1) relevance, (2) admissibility, and (3) specificity. *See United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Cuthbertson*, 630 F.2d 139, 144-45 (3d Cir. 1980). Dr. Brown demonstrated that her requests satisfy the *Nixon* elements. First, the requested documents are relevant not only to test the credibility of any K12 witness called at trial by the government, but also to rebut the allegations in the superseding indictment regarding Counts 13 and 14. Mot. to Compel at 3-4, 4-5 (Doc. No. 198). K12 ignores the latter purpose. *See* K12,

Inc. Opp'n at 4-5 (Doc. No. 202). Second, the requested documents are admissible as impeachment and for non-hearsay purposes, including the fact that certain statements were made. Nothing in K12's opposition undermines that conclusion. Third, Dr. Brown's requests are not speculative because specific knowledge of particular documents or communications is not required. *See United States v. Weisberg*, No. 08-347, 2011 U.S. Dist. LEXIS 37221, at *19-20 (E.D.N.Y. Apr. 5, 2011). Nevertheless, Dr. Brown has sufficiently specified the nature of the documents she is seeking. She has not requested access to K12's "litigation files"; she has requested documents relating to communications about the Agora Litigations and the Settlement Agreement, as those terms are defined in the Subpoena Requests. *See* Mot. to Compel, Ex. 2. Indeed, K12 concedes that Dr. Brown's requests are "detailed." K12 Opp'n at 1. K12 identifies no legitimate basis to deny Dr. Brown's Motion. For these reasons, Dr. Brown's requests are appropriate under Rule 17(c).

As Dr. Brown noted in her Motion, K12 bears the burden of establishing that the privilege exists. *See In re Grand Jury Empanelled Feb. 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979); *In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 595 (E.D. Pa. 1989). That burden also applies to its assertion of the common interest doctrine. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 365 n.22 (3d Cir. 2007). K12 has not attempted to establish either. *See, e.g., United States v. Tomison*, 969 F. Supp. 587, 598 (E.D. Cal. 1997) (noting privilege-asserting party's filings failed to offer any showing to sustain the claimed privilege).[1]

---

[1] K12 seems to be under the impression that Dr. Brown has conceded the withheld documents are, in fact, privileged. Dr. Brown made no such concession. Rather, Dr. Brown advised the Court that K12 had asserted privilege and that she was moving to compel production notwithstanding that assertion. K12 bears the burden of establishing the privilege and the common interest doctrine, but it has made no effort to meet that burden. Dr. Brown is not

K12's privilege, which it has yet to establish, must in any event yield to Dr. Brown's rights to due process and to confront her accusers, which are recognized bases for allowing a criminal defendant to subpoena otherwise privileged documents and cross examine a witness regarding privileged communications. *See Weisberg*, 2011 U.S. Dist. LEXIS 37221, at *12-24 (noting that Federal Rule of Evidence 501 recognizes privileges, "[e]xcept as otherwise required by the Constitution of the United States"); *cf. United States v. White*, No. 12-221, 2013 U.S. Dist. LEXIS 49426, at *42-47 (S.D. W. Va. Apr. 5, 2013); *see also Tomison*, 969 F. Supp. at 593 (recognizing that criminal defendant has constitutional right to evidence in third party's possession that bears on either guilt or punishment).

K12 seeks to avoid this result by reference to inapposite authority, including several cases that pre-date the Supreme Court's recognition of the issue presently before this Court. For instance, *United States v. McGrady* is not a privilege case; it addresses whether a trial court may properly quash a subpoena on the basis of "sensitive" and "cumulative" information. 508 F.2d 13, 17-18 (8th Cir. 1974). The Eighth Circuit ruled that the trial court could not quash on those grounds, but found the error harmless. *Id.* at 18-19. In addition, *Continental Oil Co. v. United States* concerns a grand jury subpoena for documents, not a criminal defendant's subpoena. 330 F.2d 347, 348-49 (9th Cir. 1964). Thus, the Ninth Circuit did not consider the criminal defendant's rights to due process and to confront an accuser, just as the remainder of K12's inapposite authority fails to consider the criminal defendant's constitutional rights. *See United States v. Treacy*, No. 08-366, 2009 WL 812033, at *1-3 (S.D.N.Y. Mar. 24, 2009); *United States v. Hoeffner*, 254 F.R.D. 302, 306-07, 308 (S.D. Tex. 2008); *Tomison*, 969 F. Supp. at 597-98

---

required to overcome a privilege that has not been established and, indeed, K12 has not even identified any responsive documents for which it claims privilege that Dr. Brown could dispute.

(noting defendant did not contest assertion of privilege in response to subpoena, which is not the case here).  It is this balance between Dr. Brown's constitutional rights and K12's privilege that this Court must resolve, and that balance should be resolved in favor of Dr. Brown's constitutional rights.  *See Swidler & Berlin v. United States*, 524 U.S. 399, 408 n.3 (1998) (noting concession that a criminal defendant's constitutional rights might present "exceptional circumstances"); *cf. White*, 2013 U.S. Dist. LEXIS 49426, at *42-47.

K12 apparently considers the process used in *White* too cumbersome for itself and the Court.  *See* K12, Inc. Opp'n at 5.  If K12 does not want to undertake the review and does not want to burden the Court, Dr. Brown is prepared to conduct the review herself.  She suggested the alternative used in *White* simply as a means to preserve K12's privilege to the extent possible.  *See also McGrady*, 508 F.2d at 17 (noting trial court conducted *in camera* review of disputed documents); *Weisberg*, 2011 U.S. Dist. LEXIS 37221, at *15-16 (recognizing *in camera* review is appropriate for purportedly privileged documents).  In any event, Dr. Brown is entitled to the production of any relevant documents responsive to Subpoena Request Nos. 1 and 4 pursuant to Rule 17 and the Fifth and Sixth Amendments to the United States Constitution, notwithstanding K12's assertion of privilege.

For the foregoing reasons, Dr. Brown respectfully requests that the Court compel K12, Inc. to produce immediately all documents that are responsive to Subpoena Request Nos. 1 and 4.

Respectfully submitted,

Dated:  November 12, 2013

/s/ Gregory P. Miller
Gregory P. Miller (PA Id. No. 24891)
William M. McSwain (PA Id. No. 86499)
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA  19103-6996
(215) 988-2700
(215) 988-2757 Fax
Gregory.Miller@dbr.com
William.McSwain@dbr.com

*Attorneys for Defendant Dorothy June Brown*

# CERTIFICATE OF SERVICE

I, Todd N. Hutchison, hereby certify that on this day I caused a true and correct copy of the foregoing Reply in Support of Motion to Compel K12, Inc. to Produce Documents in Response to Subpoena Request Nos. 1 and 4 for Court Review to be filed electronically, and to be served thereby upon counsel listed below:

Joan E. Burnes, Esq.
Frank R. Costello, Esq.
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

*Counsel for United States of America*

| | |
|---|---|
| Andrew Bellwoar, Esq. | Thomas Bellwoar, Esq. |
| Siana, Bellwoar & McAndrew LLP | Luongo Bellwoar LLP |
| Ludwigs Corner Professional Center | 213 W. Miner Street |
| 941 Pottstown Pike, Suite 200 | West Chester, PA 19382 |
| Chester Springs, PA 19425 | |

*Counsel for Defendant Michael A. Slade, Jr.*

Robert J. Donatoni, Esq.
Robert J. Donatoni & Associates, P.C.
The National Penn Bank Building
200 North High Street, Suite 301
West Chester, PA 19380

*Counsel for Defendant Courteney L. Knight*

Henry E. Hockeimer, Jr., Esq.
Ballard Spahr, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Counsel for K12, Inc.*

Dated: November 12, 2013					/s/ Todd N. Hutchison
							Todd N. Hutchison