IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 12-0367 |
| DOROTHY JUNE BROWN, | : | |

**O R D E R**

**AND NOW**, this 13th day of   November  , 2013, upon consideration of Defendant Dorothy June Brown's Motion to Compel K12, Inc. to Produce Documents in Response to Subpoena Request Nos. 1 and 4 for Court Review (ECF No. 198), and K12, Inc.'s Response thereto (ECF No. 202), it is **ORDERED** that Defendant's Motion is **DENIED**.[1]

---

[1] Defendant Dorothy June Brown filed the instant Motion on November 11, 2013. (Def.'s Mot., ECF No. 198.) Defendant requests the Court to compel K12 Pennsylvania, LLC ("K12") to produce documents in response to a Subpoena *Duces Tecum* served on K12 by Defendant. Specifically, Defendant requests documents responsive to Request Nos. 1 and 4, which seek:
  1. [A]ny and all documents relating to communications between [K12] and any attorney at Ballard Spahr L.L.P. concerning Agora, Cynwyd, Dr. Brown and/or the Agora Litigations including, but not limited to, all documents and communications relating to the Settlement Agreement.
     [and]
  4. [A]ny and all documents relating to any communications between [K12] and any attorney at Vaira & Riley, P.C. concerning Agora, Cynwyd, Dr. Brown and/or the Agora Litigations including, but not limited to, Jack L. Gruenstein, John E. Riley and Kathleen M. Nagle.

(Def.'s Mot. 2. )

K12, which is not a defendant in this action, filed a response to the Motion on November 6, 2013. (K12 Resp., ECF No. 202.) Defendant filed a reply on November 12, 2013. (ECF No. 208.) K12 has produced a significant number of other documents pursuant to the Subpoena; however, it has refused to produce documents responsive to Request Nos. 1 and 4, arguing that the requests call for documents protected by the attorney-client privilege. (K12 Resp. 2-4.)

The attorney-client privilege is "one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998). "Courts have long viewed [the privilege's] central concern as one to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *In re Grand Jury Investigation*, 445 F.3d 266,

273 (3d Cir. 2006). "The burden of proving that the attorney-client privilege applies to specific information falls to the party asserting the privilege." *United States v. Cedeno*, 496 F. Supp. 2d 562, 567 (E.D. Pa. 2007) (citing *In re Grand Jury (Markowitz),* 603 F.2d 469, 474 (3d Cir. 1979)).

It is clear on its face that Request Nos. 1 and 4 seek documents that implicate the attorney-client privilege. However, Defendant contends that they are nevertheless discoverable because they are "essential" to her defense to the allegations contained in Counts 13 and 14 of the Superseding Indictment. Counts 13 and 14 charge Defendant with wire fraud, in violation of 18 U.S.C. § 1343. These counts allege that Defendant falsely represented that the Agora Cyber Charter School board of trustees had previously voted to enter into a management agreement with Defendant's management company, Cynwyd Group, LLC ("Cynwyd"), and that based on this false representation, K12 and the Pennsylvania Department of Education agreed to settle litigation with Defendant and Cynwyd, which resulted in the payment of $1.3 million to Cynwyd. Defendant contends that the K12 documents it seeks are necessary and relevant to show that the Government has "failed to identify a victim with a cognizable property interest in the alleged fraud proceeds [(i.e, the settlement proceeds)], and that the alleged false representation was not material to K12's decision to settle." (Def.'s Mot. 4.) The fraud alleged in a wire fraud charge must expose the victim to an actual or potential loss of money or property. *See United States v. Riley*, 621 F.3d 312, 328 n.22 (3d Cir. 2010). Defendant argues that the discovery it seeks from K12 may demonstrate that other factors played a role in K12's decision to settle litigation with Defendant and Cynwyd besides its reliance on the Agora-Cynwyd contract and the approval of that contract by the Agora board of directors. In other words, if K12's decision was based on something other than its reliance on a valid management contract between Agora and Cynwyd, then this fact undercuts a finding that K12 was a victim with a cognizable property interest for purposes of the wire fraud charges in Counts 13 and 14 of the Indictment.

Defendant cites *Swider & Berlin v. United States*, 524 U.S. 399 (1998), in arguing that she is entitled to the K12 documents despite the fact that they implicate the attorney-client privilege. In *Swider*, the Court stated that the petitioner in that case conceded "that exceptional circumstances implicating a criminal defendant's constitutional rights might warrant breaching the [attorney-client] privilege." *Id*. at 409 n.3. However, the Court also stated that it did not need to reach the issue of whether the attorney-client privilege could be breached because the petitioner did not present exceptional circumstances. *Id*.

Defendant offers nothing but mere conjecture about what the documents between K12 and its attorneys may reveal with regard to K12's decision to settle litigation with Defendant and Cynwyd. Defendant guesses that the documents may show that K12 settled the litigation in order to "force Cynwyd to sever its ties with Agora so that K12 could manage Agora without oversight from Cynwyd." (Def.'s Mot. 3.) Even if there was a possibility that the K12 documents offered an alternative explanation for K12's decision to settle, we fail to see any relevance to the explanation offered by Defendant in the context of the charged wire fraud. Defendant appears to be seeking to engage in nothing more than a fishing expedition. This we will not permit. Moreover, Defendant has provided no legal support for, or even attempted to explain how this constitutes "exceptional circumstances" warranting a finding that the privilege should yield to these requests for discovery from a third party. Defendant's speculation about what the K12 documents may reveal in terms of K12's motive for settling the litigation does not

**IT IS SO ORDERED.**

                **BY THE COURT:**


                <u>*/s/R. Barclay Surrick*</u>
                **U.S. District Judge**

---

rise to the level of exceptional circumstances. In light of the societal importance of the attorney-client privilege, which is "rooted in the imperative need for confidence and trust," *Jaffee v. Redmond*, 510 U.S. 1, 10 (1996) (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980)), we cannot conclude at this juncture that Defendant's proffered need for the K12 documents warrants abrogation of the attorney-client privilege.