IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 12-0367 |
| DOROTHY JUNE BROWN : | |

### O R D E R

**AND NOW**, this  22nd  day of   November   , 2013, upon consideration of the Motion of K12 Inc. to Quash Subpoena *Ad Testificandum* (ECF No. 200), and Defendant Dorothy June Brown's response thereto (ECF No. 209), it is **ORDERED** that K12's Motion is **DENIED**.[1]

---

[1] On January 22, 2013, a federal grand jury returned a sixty-seven count Superseding Indictment against Dorothy June Brown and her co-Defendants. Defendant is charged with fifty-two counts of wire fraud, in violation of 18 U.S.C. § 1343, one count of conspiring to obstruct justice, in violation of 18 U.S.C. § 371, ten counts of obstruction of justice, in violation of 18 U.S.C. § 1519 and § 1512(c)(2), and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(3). The crimes charged arise out of an alleged scheme perpetrated by Brown to defraud three separate charter schools out of millions of dollars. (Superseding Indictment ("Indictment"), ECF No. 47.)
 On October 18, 2013, Defendant subpoenaed Ron Packard, the Chief Executive Officer of K12 Inc. ("K12") to testify at the trial. (K12 Mot. 2, ECF No. 200.) The K12 subpoena also directs that two other K12 representatives testify at the trial. K12 is not seeking to quash the subpoena as it relates to the two other K12 representatives. The Indictment alleges that K12 contracted with the Cynwyd Group, LLC ("Cynwyd") to provide "all business aspects and day-to-day management" of the Agora Charter School ("Agora"). (Indictment 9.) Cynwyd, which was one of Defendant's management companies, was under contract to provide consulting or management services to Agora.
 On November 5, 2013, K12 filed the instant Motion to Quash. (K12 Mot.) On November 12, 2013, Defendant filed a response to the Motion. (Def.'s Resp., ECF No. 209.)
 Under Federal Rule of Criminal Procedure 17(c), the Court has the power to quash or modify the K12 subpoena if "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). K12 requests that the Court quash the subpoena and not require Ron Packard to travel to Philadelphia to testify at trial. K12's arguments are without merit and we are therefore compelled to deny the Motion.
 K12 argues that Ron Packard did not have day-to-day involvement with Agora during the three years that K12 was involved with Dr. Brown, was not at all involved in the execution or

**IT IS SO ORDERED.**

                                        **BY THE COURT:**

                                        _____

                                        **R. BARCLAY SURRICK,  J.**

---

performance of the K12-Cynwyd Contract, and thus, any testimony he could provide would not be relevant to Defendant's case.  Whether or not Packard, as CEO of K12, reported to Agora on a daily basis to implement the services K12 contracted to provide is irrelevant.  As Defendant points out, Packard "was involved in discussions to resolve school management issues at Agora . . . that developed among K12, Cynwyd, and the Agora board of trustees."  (Def.'s Resp. 2 & Exs. 2-7.)  Moreover, Keith Miller, a former auditor for the Commonwealth of Pennsylvania testified during the first week of the trial that Packard informed him that K12 was not using Dr. Brown's curriculum at Agora.  (Nov. 7, 2013 Hr'g Tr. (on file with Court); *see also* Def.'s Resp. Ex. 1.)  This information goes directly to the Government's theory that Defendant provided no services to Agora during the time Cynwyd was collecting fees from Agora.  Packard's testimony in this case is certainly relevant.

       K12 also argues that Packard's compliance with the subpoena and appearance in this Court would be "exceedingly oppressive."  (K12 Mot. 3.)  K12 seems to suggest that by virtue of Packard's position as CEO of a company that employs over 2,500 employees and earns over $700 million dollars annually, he cannot possibly have time to testify in this trial in light of the demanding and seemingly more important responsibilities that his position requires.  K12 recites Packard's busy schedule for the month of November 2013 in support of this argument.  While we sympathize with the demands placed on Packard as a CEO, we see no reason why he cannot travel to Philadelphia to testify in a criminal trial, particularly in light of the fact that he was an active participant in forming the K12-Cynwyd relationship, and undoubtedly has personal knowledge and information about other important matters in this case.  There is nothing oppressive about his brief appearance in this Court, let alone exceedingly oppressive.  K12 fails to cite one case that in any way supports its position.  Moreover, it appears that Packard's schedule lightens up at the end of November and beginning of December, and he should therefore be available to appear in this Court one day during that time period.