IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-367-1 |
| DOROTHY JUNE BROWN | : | |

### ORDER

AND NOW, this _____ day of _____, upon consideration of the Government's Unopposed Motion to Dismiss the Charges In the Superseding Indictment as to defendant Dorothy June Brown, it is hereby **ORDERED** that the motion is **GRANTED** and the superseding indictment in this case against defendant Dorothy June Brown is dismissed without prejudice.

BY THE COURT:

_____
**THE HONORABLE R. BARCLAY SURRICK**
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-367-1 |
| DOROTHY JUNE BROWN | : | |

### GOVERNMENT'S UNOPPOSED MOTION TO DISMISS THE SUPERSEDING INDICTMENT AGAINST DEFENDANT DOROTHY JUNE BROWN WITHOUT PREJUDICE

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Joan E. Burnes and Frank R. Costello, Jr., Assistant United States Attorneys for the District, hereby moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and in the interest of justice, to dismiss without prejudice the charges in the superseding indictment against defendant Dorothy June Brown, and in support of this motion, states as follows:

1.  Defendant Dorothy June Brown was named in 64 counts of the superseding indictment, charging five wire fraud schemes, conspiracy to obstruct justice, obstruction of justice, and witness tampering. The superseding indictment alleged that defendant Brown obtained $5.64 million through false representations, specifically, that the board of trustees of Agora Cyber charter School had approved a contract between Agora and Cynwyd, her private company; and that she obtained $705,000 through similar false representations, specifically, that the board of trustees of Planet Abacus Charter School had approved a contract between Abacus

and AcademicQuest, her private company. In January 2014, at the conclusion of the trial of this case, the jury was unable to reach unanimous verdicts on most of the charges. The jury returned not guilty verdicts on Counts 38-41 (wire fraud), 59 (obstruction of justice), and 67 (witness tampering).

The retrial was scheduled for September 8, 2014. Three weeks before the trial was to begin, the defendant filed a motion for a competency hearing. By memorandum and order dated April 8, 2015, this Court found defendant Brown competent to stand trial. After this finding, the Court rescheduled the defendant's trial to commence on June 29, 2015. On June 15, 2015, defense counsel brought to the attention of the Court new information concerning the defendant's competency. As a result of the new information, trial was continued once more, and the defendant was re-examined pursuant to the agreement of the parties.

2. Based upon additional medical examinations and reports in 2015, and by agreement of the parties, on August    2015, the Court found defendant Brown incompetent to stand trial. Specifically, based on information received by the Court since June 15, 2015, which included the reports and evaluations of Defendant by Jagan Pillai, M.D., Stephen Mechanick, M.D., Pogos H. Voskanian, M.D., Susan E. Rushing, M.D., and the affidavits of defense counsel, the Court found that defendant June Brown is presently suffering from a mental disease or defect rendering her incompetent to stand trial in that she is unable to understand the nature and consequences of the proceedings against her and to assist properly in her defense. The medical reports also showed that there was no substantial probability that her condition would be restored. That is, the basis for defendant Brown's memory impairment is Alzheimer's type dementia, a condition for which there is currently no cure. While medications can be taken to

slow the progression of dementia, there is no medication that can re-instate cognitive capacities that have already been lost.

3. Rule 48(a) of the Federal Rules of Criminal Procedure provides that the Government "may, with leave of court, dismiss an indictment." A dismissal pursuant to Rule 48 is presumed to be without prejudice. *See United States v. Ortega Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974) (dismissal under Rule 48 "is without prejudice to the government's right to re-indict for the same offense, unless the contrary is expressly stated"); *United States v. Davis*, 487 F.2d 112 (5th Cir. 1973) (same); *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973) (same); *United States v. Chase*, 372 F.2d 453, 463 (4th Cir. 1967)

4. Under these extraordinary circumstances, the government is compelled to conclude that it is in the interests of justice to dismiss the indictment against defendant Brown due to her mental condition. The government does not believe that defendant Brown will be competent to stand trial at any point in the near future, if ever.

5. Government counsel has conferred with counsel for defendant Brown who does not oppose this motion.

3

WHEREFORE, the government respectfully requests that the Court grant its motion and dismiss the charges in the superseding indictment against Dorothy June Brown without prejudice.

    Respectfully submitted,

    ZANE DAVID MEMEGER
    United States Attorney

    /s Joan E. Burnes
    JOAN E. BURNES
    Assistant United States Attorney

    /s Frank R. Costello, Jr.
    FRANK R. COSTELLO, JR.
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the Government's Motion to Dismiss the Superseding Indictment served by ECF on:

>Gregory Miller, Esquire
>William M. McSwain, Esquire
>Drinker Biddle & Reath, LLP
>One Logan Square
>18th & Cherry Streets
>Philadelphia, PA 19103

>/s Joan E. Burnes
>JOAN E. BURNES
>Assistant United States Attorney

Dated:  August     2015